UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KINDRA HARGROVE-HOLLOWAY,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; MARIE DESFORGES, in Her
Capacity as PRINCIPAL OF P.S. 328 PHYLLIS
WHEATLEY,

Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff KINDRA HARGROVE-HOLLOWAY, by and through her attorneys GLASS &

HOGROGIAN LLP, as and for her Complaint, alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff KINDRA HARGROVE-HOLLOWAY ("Plaintiff" or "Hargrove-

Holloway"), a tenured teacher employed by the New York City Department of Education

("NYCDOE"), brings this action based on unlawful discrimination and retaliation on the basis of

her age and disability in violation of the federal Age Discrimination in Employment Act, 42 U.S.C.

§ 6107 *et seq.* ("ADEA"); the American with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

("ADA"); the New York State Human Rights Law, N.Y. Exec Law § 296 ("NYSHRL"); and the

New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 *et. seq.* ("NYCHRL").

1

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 as this matter involves federal questions.

3.    Venue is proper in this District pursuant to 28 U.S.C. 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

4.    Plaintiff dual filed a discrimination charge with the New York State Division of Human Rights ("DHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") on or about March 15, 2019 and received a Right to Sue letter, dated September 18, 2019, which is annexed as Exhibit A.

## THE PARTIES

5.    Plaintiff KINDRA HARGROVE-HOLLOWAY is a resident of the State of New York and a teacher employed within the school system operated by the New York City Department of Education.

6.    At all times relevant herein, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") is a city school district established under the laws of the State of New York and Plaintiff's employer.

7.    At all times relevant herein, Defendant Principal MARIE DESFORGES was the Principal of P.S. 328 Phyllis Wheatley ("P.S. 328") in Brooklyn, New York. She is sued in both her official and individual capacities.

## FACTUAL ALLEGATIONS

8.    Plaintiff is currently 49 years old, born on March 4, 1970.

9.    Plaintiff has worked with the NYCDOE as a teacher since October of 1996.

2

10. Since 2007, Plaintiff has worked at PS 328 in Brooklyn, since 2007.

11. Since 1998, Plaintiff has been diagnosed with Crohn's Disease.

12. Plaintiff's disability (Crohn's Disease) has impacted Plaintiff's ability to work and other major life functions.

13. In November of 2013, Plaintiff was hospitalized due to complications with Crohn's Disease and took a leave of restoration of health. She continued this unpaid leave until September of 2015, then returned to PS 328. During this time, Plaintiff was put into a medically induced coma because her body had become septic. Additionally, Plaintiff underwent numerous surgeries and medical procedures relating to her disability.

14. When Plaintiff returned in September of 2015, her principal at the time, Barbara Gedacht, assigned Plaintiff as the Academic Intervention Service teacher. Plaintiff remained in this position until September of 2017, at which point she became a Pre-Kindergarten teacher.

15. In July of 2017, Plaintiff had a total colectomy due to complications with her Crohn's Disease.

16. In September 2017, Marie Desforges became the new principal at PS 328.

17. Upon information and belief of Plaintiff, Ms. Desforges is under the age of 40.

18. Shortly after Ms. Desforges became principal, Plaintiff began having problems with her employer for the first time in her career.

19. On or about September 18, 2017, Plaintiff emailed her administration to inform them that she had a medical appointment in the afternoon of September 19, 2017 as a post-operative appointment to her colectomy.

20. In her email, Plaintiff informed the administration that she had arranged with the gym teacher, Tyona Marrimon, to switch her preparatory period from seventh to eighth period in

order to accommodate Plaintiff's medical appointment. In response, Principal Desforges stated that it was her responsibility—not Plaintiff's—to make coverage assignments.

21.    Following this conversation, Plaintiff reiterated her need to attend her medical appointment. Neither Principal Desforges nor Assistant Principal ("AP") Morgan Peaceman responded to Plaintiff's request to be accommodated so that she could attend her medical appointment.

22.    The next day, September 19, 2017, around 2:00 PM, Plaintiff packed up her class and walked them to the main office with her classroom paraprofessional so that she could leave for her medical appointment. She subsequently clocked out at 2:17 PM.

23.    On September 20, 2017, AP Peaceman approached Plaintiff and asked her where she went the previous afternoon. Plaintiff informed AP Peaceman that she went to a post-operative appointment to remove staples and provided AP Peaceman with a medical note. Later that day, Plaintiff received a notice of a disciplinary conference based on an allegation of abandonment of services. Specifically, it was alleged that Plaintiff had engaged in abandonment of services when she left for her medical appointment on September 19, 2017.

24.    Plaintiff attended the aforementioned disciplinary conference on September 26, 2017, along with her union chapter leader, Alecia Patrick-Wilson. In anticipation of this meeting, Plaintiff had written and submitted a rebuttal statement to her administration. During this meeting, Plaintiff repeated what she had told AP Peaceman the previous day.

25.    On October 16, 2017, Plaintiff received an unwarranted disciplinary letter to file stating that she had engaged in abandonment of services when she went to her medical appointment on September 19, 2017. This was the first letter to file that Plaintiff had ever received in her career.

26.     Over the remainder of the 2017-18 school year, Plaintiff received additional unwarranted disciplinary letters to file alleging professional misconduct. She also became the subject of unwarranted investigations conducted by the Special Commissioner of Investigations ("SCI").

27.     On January 16, 2018, Plaintiff received an unwarranted disciplinary letter to file alleging that she engaged in insubordination. The allegations contained in the letter are false.

28.     On or about February 13, 2018, Plaintiff received a 48-hour notice of disciplinary conference letter. Principal Desforges threw the letter at Plaintiff in a hostile, forceful manner while Plaintiff was teaching her class. Later in the day, Plaintiff went to the administrative office to return the letter to Principal Desforges, as she contended that the letter had been improperly delivered to her. In response, Principal Desforges demanded that Plaintiff go home for the day. When Plaintiff refused, because she had reported to work and intended to teach that day, Principal Desforges called the police. Four police officers subsequently showed up. The officers informed Plaintiff that she did not do anything wrong but advised her to leave the building so as to avoid any conflict with her "boss." Plaintiff subsequently left the school and consulted with her union.

29.     As a result of the stress Plaintiff endured from the February 13, 2018 incident, her Crohn's Disease flared up, resulting in Plaintiff experiencing tremendous pain and nausea.

30.     Plaintiff, due to having her colon removed because of her Crohn's Disease, wears an ostomy appliance.

31.     In or around March 2018, Plaintiff's ostomy appliance began to leak. Plaintiff asked Samone Stroman, Parent Coordinator, to speak to the administrative payroll secretary—who is in charge of scheduling—to arrange a coverage so that Plaintiff could leave school to attend to her medical needs. After some time, the union chapter leader, Alecia Patrick-Wilson, came to

Plaintiff's classroom and told her that she would cover her class until the administrative office found someone to cover for Plaintiff. Plaintiff subsequently went home to change and returned to school. When Plaintiff returned, she learned from Ms. Stroman and Ms. Patrick-Wilson that Principal Desforges was furious at both Ms. Stroman and Ms. Patrick-Wilson for assisting Plaintiff. In retaliation for their assistance to Plaintiff, Principal Desforges issued Ms. Patrick-Wilson a letter to file and relocated Ms. Stroman's office from the main office to the School Based Support Team suite.

32.    Following this occurrence, Plaintiff received two unwarranted disciplinary letters to file, on March 23 and March 27, 2018, respectively.

33.    On June 12, 2019, Plaintiff attended a doctor's appointment for her Crohn's Disease. Despite informing her administration in advance of her appointment, Defendants classified her absence as an unapproved personal day.

34.    On or about June 26, 2018, Plaintiff received an Unsatisfactory Annual Professional Performance Review ("APPR" or "U-rating") based on the letters to file Plaintiff had received during this school year. Notably, she had received only one observation report during that school year—a glowing observation conducted by AP Zipporah Mills—and had not been observed by Principal Desforges.

35.    Plaintiff filed an appeal with the Office of Appeals and Reviews ("OAR") and had an appeal hearing in or around November of 2018. Following this hearing, OAR affirmed Plaintiff's U-rating on November 22, 2018.

36.    Prior to the 2017-18 school year, Plaintiff taught during Extended Learning Time to students, for which she earned per session, or bonus, income. Additionally, Plaintiff earned per session income for grading the English Language Arts New York State Examination in prior

school years. However, following her U-rating for the 2017-18 school year, Plaintiff was banned from working per session. As a result, she suffered monetary loss due to her 2017-18 U-rating.

37.    In or around October of 2018, Principal Desforges conducted her first ever observation of Plaintiff.

38.    On or about February 14, 2019, Plaintiff received the write-up of this observation; she received an Unsatisfactory rating.

39.    On or about January 28, 2019, Principal Desforges denied Plaintiff the opportunity to attend Lobby Day with her union in Albany. Notably, other similarly situated, non-disabled individuals were allowed to attend.

40.    On or about January 30, 2019, Plaintiff received notice of a disciplinary conference, scheduled for February 12, 2019, allegedly concerning an email that Plaintiff wrote. Plaintiff had sent this email to her principal after she learned from a colleague that a student was being moved into Plaintiff's class. After the student's mother asked Plaintiff if she wanted the student in her class, since Plaintiff still had not received any confirmation from her administration as to what was occurring, Plaintiff sent an email to Principal Desforges seeking clarification and expressing her opinion that she did not think it appropriate for the student to be placed in her classroom.

41.    Plaintiff subsequently met with Principal Desforges on February 12, 2019. During this meeting, Plaintiff's union representative, Ms. Tyona Marrimon, informed Principal Desforges that she was simply seeking clarification in her aforementioned email. Plaintiff received a disciplinary letter to file for this alleged conduct on March 18, 2019.

42.    In or around May of 2019, Plaintiff submitted a preference sheet to her administration outlining her three preferences for 2019-20 teaching assignments. Upon

information and belief of Plaintiff, teachers are supposed to receive at least one of their three preferences based on seniority.

43.     Following submission of her preference sheet, in or around June of 2019 Plaintiff learned that she had not been granted any of her preferences.

44.     Plaintiff subsequently filed a reorganization grievance with her union challenging the decision by her administration not to grant her preferences.

45.     Principal Desforges refused to meet with Plaintiff and her union representative in regard to her reorganization grievance, resulting in Plaintiff moving straight to a step II reorganization grievance.

46.     This Step II reorganization grievance occurred on or about June 15, 2019. Superintendent Thomas McBride denied Plaintiff's Step II reorganization grievance.

47.     Following this denial, Plaintiff's union took her reorganization to arbitration, which occurred on or about September 13, 2019.

48.     Prior to her September 2019 arbitration, Plaintiff had submitted a request for medical accommodation on or about June 27, 2019. Specifically, Plaintiff requested access to a bathroom while class was in session and an adult to cover Plaintiff's class while she used the bathroom facilities. Plaintiff's accommodation request was granted on or about September 9, 2019.

49.     During the September 2019 arbitration pertaining to Plaintiff's reorganization grievance, Principal Desforges stated that she placed Plaintiff in an ICT class due to Plaintiff's medical accommodation request. However, as Plaintiff had submitted her medical accommodation request subsequent to Principal Desforges' denial of Plaintiff's preferences, this was a clear fabrication by the principal.

8

50.    On or about November 13, 2019, Plaintiff's co-teacher, Meghan Sullivan, was absent. Plaintiff emailed Principal Desforges, the payroll secretary, and her union representative, inquiring as to what she was supposed to do if she had to use the bathroom facilities while class was in session and she did not have a co-teacher. Principal Desforges responded to Plaintiff in a hostile manner and inappropriately referenced Plaintiff's involvement of her union. Following several email exchanges between Plaintiff and Principal Desforges, in which Plaintiff accused Principal Desforges of creating a toxic work environment, on or about November 22, 2019 Principal Desforges ultimately issued Plaintiff a disciplinary letter to file.

51.    Upon information and belief, Principal Desforges has harassed and targeted other senior teachers by issuing them negative ratings and observing them more frequently as compared to younger teachers.

52.    Additionally, upon information and Plaintiff, since coming to PS 328 Principal Desforges has hired exclusively young people under the age of 40 for all open positions.

53.    Principal Desforges has also, on at least two occasions during the 2018-19 school year, made negative comments about senior and veteran teachers draining her budget and there being too many senior and veteran teachers in the school.

## FIRST CLAIM FOR RELIEF

**(Against all Defendants for Violation of ADA -- Denial of Accommodation / Discrimination)**

54.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

55.    Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the Americans with Disabilities Act of 1990 by denying Plaintiff reasonable accommodations for her disability. Defendants obstructed Plaintiff's ability to attend

medical appointments for her disability and retaliated against her for going on such appointment.

56.    Additionally, Defendants discriminated against Plaintiff by issuing her a U-rating for the 2017-18 school year, in addition to other forms of discrimination under the ADA, 42 U.S.C. § 12111(2) and (5)(A).

57.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(Against Defendant NYCDOE – Discrimination Based on Age in Violation of the ADEA)**

58.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

59.    Defendant NYCDOE, through the aforementioned conduct, has violated the ADEA by discriminating against Plaintiff based on her age by issuing her a U-rating for the 2017-18 school year and creating a hostile work environment on the basis of her age.

60.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Against all Defendants – Discrimination Based on Disability in Violation of NYSHRL)**

61.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

62.    Defendant NYCDOE, through the aforementioned conduct, has violated the NYSHRL by failing to accommodate Plaintiff's disability, in that Defendants obstructed Plaintiff's ability to attend necessary medical appointments for her disability and retaliated against her for going on such appointment.

63.    Additionally, Defendants discriminated against Plaintiff on the basis of her disability by issuing her a U-rating for the 2017-18 school year and creating a hostile work environment on the basis of her disability.

64.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Against all Defendants – Discrimination Based on Age in Violation of NYSHRL)

65.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

66.    Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the NYSHRL by discriminating against Plaintiff based on her age by issuing her a U-rating for the 2017-18 school year and creating a hostile work environment on the basis of her age.

67.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### (Against all Defendants – Discrimination Based on Age in Violation of NYCHRL)

68.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

69.    Defendant NYCDOE, through the aforementioned conduct, has violated the NYCHRL by discriminating against Plaintiff based on her age by issuing her a U-rating for the 2017-18 school year and creating a hostile work environment on the basis of her age.

70.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

**(Against all Defendants – Discrimination Based on Disability in Violation of NYCHRL)**

71.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

72.    Defendant NYCDOE, through the aforementioned conduct, has violated the NYCHRL by failing to accommodate Plaintiff's disability, in that Defendants obstructed Plaintiff's ability to attend necessary medical appointments for her disability and retaliated against her for going on such appointment.

73.    Additionally, Defendants discriminated against Plaintiff on the basis of her disability by issuing her a U-rating for the 2017-18 school year and creating a hostile work environment on the basis of her disability.

74.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

## JURY DEMAND

75.    Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for declaratory relief and damages as follows:

A.    A declaratory judgment that Defendants are in violation of federal 42 U.S.C. Section 1983;

B.    A declaratory judgment that Defendant NYCDOE is in violation of federal ADEA;

C.    A declaratory judgment that Defendants are in violation of the New York State Human Rights Law;

D.    A declaratory judgment that Defendants are in violation of the New York City Human Rights Law;

12

G.    Awarding Plaintiff compensatory damages (including but not limited to emotional

distress damages) and punitive damages (to the extent available) pursuant to the

ADEA, 42 USC Section 1983, the New York State Human Rights Law, and the

New York City Human Rights Law;

H.    Awarding Plaintiff costs and reasonable attorneys' fees; and

I.    Such other and further relief as to this Court may deem necessary, just and proper.

Dated:    New York, New York
          December 10, 2019

                                  **GLASS & HOGROGIAN LLP**
Attorneys for Plaintiff
85 Broad Street, 18th Floor @ WeWork
New York, NY 10004
(212) 537-6859

By: _____
        Jordan F. Harlow, Esq.

13