# GLASS HARLOW & HOGROGIAN LLP
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
85 BROAD STREET, 18TH FL - WEWORK
NEW YORK, NY 10004
212-537-6859
FAX NO. 845-510-2219

*Jordan F. Harlow*　　　　　　　　　　　E-mail: jharlow@ghnylaw.com
　　Partner

March 23, 2020

*Via ECF*
Honorable Eric. R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　　　**Re: Kindra Hargrove-Holloway v. New York City Department of Education and Marie Desforges, 19-CV-6923 (CBA)(RML); Response Opposing Defendants' Request for Leave to File Motion to Dismiss**

Dear Judge Komitee:

　　I am attorney for Plaintiff Kindra Hargrove-Holloway in the above-referenced action. I write in response to Defendants' letter request for leave to move to dismiss Plaintiff's age discrimination claims, dated March 20, 2020, in the above-referenced matter.

　　Ms. Hargrove-Holloway, a tenured teacher employed by the New York City Department of Education ("NYCDOE"), brings this action based on unlawful discrimination and retaliation on the basis of her age and disability in violation of the federal Age Discrimination in Employment Act, 42 U.S.C. § 6107 et seq. ("ADEA"); the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"); the New York State Human Rights Law, N.Y. Exec Law § 296 ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 et. seq. ("NYCHRL").

　　Defendants allege that Ms. Hargrove-Holloway's age discrimination claims should be dismissed for failing to plead facts adequate to establishing a discriminatory animus on the basis of age. In order to establish a prima facie case of discrimination under the ADEA for discrimination based on her age, Ms. Hargrove-Holloway must show that she (1) falls within the protected group; (2) she was performing her duties satisfactorily; (3) she was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000); *Hongyan Lu v. Chase Inv. Servs. Corp.*, 412 Fed. Appx. 413 (2d Circ. 2015). Though Ms. Hargrove-Holloway bears the burden of producing evidence sufficient to support a prima facie case of discrimination, such evidence need be no more than "minimal" or "de minimis." *See*, e.g., *Woodman v. WWOR-TV*,

1

*Inc.*, 411 F.3d 69, 75 (2d. Cir. 2005). Ms. Hargrove-Holloway's establishment of a prima facie case gives rise to a presumption of unlawful discrimination that shifts the burden of production to the Defendants, who must proffer a "legitimate, nondiscriminatory reason" for the challenged employment action. See *id*. at 76.

As an initial matter, it is important to note that this Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Additionally, the Second Circuit exercises care to avoid hastily dismissing complaints of civil rights violations. *Gregory*, 243 F.3d at 691 (internal citations omitted). For these reasons and those that will be set forth below, Defendants' proposed motion is entirely premature, and Defendants should not be given leave to file a motion to dismiss at this early stage of the litigation.

Ms. Hargrove-Holloway was 49 years old at the time of the filing of this action. She has worked with the NYCDOE as a teacher since October of 1996 and without incident at PS 328 in Brooklyn from 2007 until Defendant Maria Desforges became Principal in September 2017. Since being diagnosed with Crohn's Disease in 1998, Ms. Hargrove-Holloway's disability has impacted her ability to work and other major life functions. *See* Compl., ¶¶ 8-12.

In her complaint, Ms. Hargrove-Holloway alleges she received a negative Unsatisfactory overall rating for the 2017-18 school year, lost per session or overtime opportunities, and did not receive any of her teaching preferences for the 2019-20 school year despite her seniority. *See* Compl., ¶¶ 34, 36, 42-43. Ms. Hargrove-Holloway has alleged adverse employment actions and that the adverse actions she suffered occurred because of her age. Additionally, Ms. Hargrove-Holloway has alleged that younger, similarly-situated individuals were treated more favorably, and upon information and belief, Principal Desforges has harassed and targeted other senior teachers by issuing them negative ratings and observing them more frequently as compared to younger teachers. *See* Compl., ¶ 51. Thus, Plaintiff has established a prima facie case of age discrimination.

Defendants erroneously argue that Ms. Hargrove-Holloway has failed to plausibly allege facts creating an inference of discrimination. Since coming to PS 328 Principal Desforges has hired exclusively young people under the age of 40 for all open positions. Principal Desforges also, on at least two occasions during the 2018-19 school year, made negative comments about senior and veteran teachers draining her budget and there being too many senior and veteran teachers in the school. See Compl., ¶¶ 52-53. These statements alone are enough to survive a motion to dismiss. *See McInnis v. Town of Weston*, 375 F. Supp. 2d 70, 83 (D. Conn. 2005) (statement that employers prefer younger employees states a cause of action under the ADEA.)

In addition, Ms. Hargrove-Holloway may prove discrimination indirectly either by meeting the requirements of *McDonnell Douglas* and showing that the employer's stated reason for its employment action was pretextual to cover up discrimination, *see, e.g., Fisher v. Vassar Coll.*, 114 F.3d 1332, 1334 (2d Cir. 1997), or by otherwise creating a "mosaic" of intentional discrimination by identifying "bits and pieces of evidence" that together give rise to an inference of discrimination. *See Gallagher v. Delaney*, 139 F.3d 338, 342 (2d Cir. 1998). At the pleadings

stage, then, Ms. Hargrove-Holloway must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination. *See Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) (requiring facts "suggesting an inference of discriminatory motivation"). Ms. Hargrove-Holloway may also support an inference of discrimination by demonstrating that similarly situated employees of a different group were treated more favorably. *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997).

Based on the above, it is respectfully requested that Defendants be denied permission to move to dismiss at this time as clearly premature, and that a discovery schedule or an early mediation session be scheduled in this matter. If the Court is inclined to find that any further factual pleadings are necessary before proceeding to discovery, Ms. Hargrove-Holloway respectfully requests leave to file an amended complaint.

Thank you for your consideration.

                                            Respectfully submitted,

By:   _s/_____
       Jordan F. Harlow, Esq.

c: Andrew Klaben-Finegold, Esq., Attorney for Defendants *(via ECF)*